09-4890-cv
Zheng v. Liberty Apparel Co.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: July 15, 2010     Decided: August 10, 2010)

Docket No. 09-4890-cv

- - - - - - - - - - - - - - - - - - - - -x

LING NAN ZHENG, REN ZHU YANG, YUN ZHEN
HUANG, WEN QIN LIN, SAI BING WANG, YE
BIAO YANG, RONG YUN ZHENG, HUI FANG LIN,
XIU YING ZHENG, JIN PING LIN, HUI MING
DONG, YU BING LUO, SAU CHI KWOK, SAI XIAN
TANG, YI ZHEN LIN, RUI FANG ZHANG, MEI
JUAN YU, MEI YING LI, QIN FANG QIU, YI
MEI LIN, MEI ZHU DONG, FUNG LAM, XIU ZHU
YE, SING KEI LAM, XUE JIN LIN,

        Plaintiffs-Appellees,

CUI ZHEN LIN,

        Plaintiff,

        -v.-

LIBERTY APPAREL COMPANY, INC., ALBERT
NIGRI, HAGAI LANIADO,

        Defendants-Cross-Claimants
        -Appellants,

NGON FONG YUEN, 88 FASHION INC., TOP
FIVE SPORTSWEAR, INC., S.P.R.
SPORTSWEAR, INC., 91 FASHION INC.,

        Defendants,

LAI HUEN YAM, also known as Steven

Yam, 998 FASHIONS INC., 103 FASHION INC.,

        Defendants-Cross-Defendants.

- - - - - - - - - - - - - - - - - - - -x

        Before:        JACOBS, Chief Judge, PARKER and HALL, Circuit Judges.

Appeal from a judgment entered in the United States District Court for the Southern District of New York (Sullivan, J.), after a jury verdict finding that appellants acted as a joint employer of the plaintiff garment workers, and are liable for unpaid and underpaid wages pursuant to the Fair Labor Standards Act, New York state analogs, and New York Labor Law § 345-a(1).  We affirm.  We consider the defendants' remaining arguments in a summary order filed contemporaneously with this opinion.

                                VANO I. HAROUTUNIAN (Will Levins, on the brief), Ballon Stoll Bader & Nadler, P.C., New York, New York, for Appellants.

                                JAMES REIF (Anna Roberts on the brief), Gladstein, Reif & Meginniss, LLP, New York, New York, for Appellees.

PER CURIAM:

Plaintiffs-appellees are 25 Chinese garment workers

2

living and working in New York City's Chinatown.  In 1999, they sued Liberty Apparel Company and its principals Albert Nigri and Hagai Laniado (collectively, "the Liberty Defendants"), and others, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York state analogs, see N.Y. Labor Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, and New York Labor Law § 345-a(1).  After a lengthy procedural history, the case went to a jury trial, and the principal issue was whether the Liberty Defendants were plaintiffs' "joint employer" for purposes of the FLSA and New York state analogs.  The jury returned a verdict in favor of plaintiffs, and following resolution of various post-trial motions, the United States District Court for the Southern District of New York (Sullivan, J.) entered judgment accordingly.

The Liberty Defendants appeal that judgment.  In this opinion, we consider their contention that the district court--rather than the jury--should have determined whether the Liberty Defendants were plaintiffs' joint employer.  And on that issue, we affirm.  We consider the Liberty Defendants' remaining arguments in a summary order filed contemporaneously with this opinion.

**I**

The full factual background of this case is set forth in Judge Casey's opinion in <u>Zheng v. Liberty Apparel Co.</u>, No. 99-Civ-9033, 2002 WL 398663, at *1-2 (S.D.N.Y. Mar. 13, 2002) ("<u>Zheng I</u>"). We recount only those facts necessary to resolve the single legal issue that requires an opinion.

Plaintiffs' direct employer was Lai Huen Yam, who owned and operated a factory where plaintiffs worked in New York City's Chinatown. In 1997, Yam entered into a business relationship with the Liberty Defendants. Liberty would deliver partially-finished clothes to Yam's factory, and plaintiffs would finish the clothes by sewing the fabrics together and adding buttons, labels, cuffs, and hems. The Liberty Defendants would regularly send quality control representatives to the Factory to supervise plaintiffs' work.

The dealings between Yam and the Liberty Defendants were non-exclusive; Yam's employees (including plaintiffs) did work for other manufacturers, and the Liberty Defendants subcontracted work to approximately 30-40 other factories. Nonetheless, plaintiffs testified that approximately 70 to

80 percent of their work was done on Liberty garments. The Liberty Defendants paid Yam by the piece (not the hour), and Yam paid plaintiffs the same way.

On average, each plaintiff worked more than 85 hours per week. When they were paid for their work--which was not always--they were paid at a rate below the federal and state minimums, and they were never paid overtime.

On August 19, 1999, plaintiffs sued Yam and the Liberty Defendants for violations of the minimum wage and overtime provisions of the FLSA and New York state analogs; they also brought a claim pursuant to New York Labor Law § 345-a(1). Plaintiffs later voluntarily dismissed their claims against Yam, either because he could not be located or had ceased doing business.

The parties cross-moved for summary judgment, and by opinion and order dated March 13, 2002, the court granted the Liberty Defendants' motion in part and denied plaintiffs' motion in full. Zheng I, 2002 WL 398663, at *1. Applying the four-factor joint employment test articulated in Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984), the court held that the Liberty Defendants were not plaintiffs' joint employer within the meaning of the

FLSA and analogous New York state laws. Zheng I, 2002 WL 398663, at *7.

Plaintiffs appealed, and this Court vacated and remanded on the ground that the district court applied the wrong test for determining joint employment. Zheng v. Liberty Apparel Co., 355 F.3d 61, 64 (2d Cir. 2003) ("Zheng II"). Extrapolating from Second Circuit and Supreme Court precedent, Zheng II identified six specific factors relevant to whether the Liberty Defendants were plaintiffs' joint employer:

> (1) whether Liberty's premises and equipment were used for the plaintiffs' work; (2) whether [Yam's Factory] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to Liberty's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the Liberty Defendants or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the Liberty Defendants.

Id. at 72.

In language particularly relevant to this appeal, Zheng II identified "three types of determinations" that bear on the analysis of these factors: "First, there are historical findings of fact that underlie each of the relevant factors.

Second, there are findings as to the existence and degree of each factor. Finally, there is the conclusion of law to be drawn from applying the factors, i.e., whether an entity is a joint employer." Id. at 76. "The first two determinations . . . are findings of fact that must be accepted on appeal unless clearly erroneous." Id.; see also id. at 76 n.13 (noting "[t]he fact-intensive character of the joint employment inquiry"). "Only the last determination--the ultimate decision as to whether a party is an employer--is a legal conclusion that is reviewed de novo." Id. at 76. Zheng II also clarified that "[s]hould the District Court, on remand, deny summary judgment in favor of defendants, it will be incumbent upon the Court to conduct a trial." Id. at 77.

On remand, the defendants again moved for summary judgment, and on May 23, 2008, Judge Sullivan denied that motion. Zheng v. Liberty Apparel Co., 556 F. Supp.2d 284, 287 (S.D.N.Y. 2008) ("Zheng III"). The court determined that, while there was no genuine issue of fact that the first, second, and fourth Zheng II factors weighed in the Liberty Defendants' favor, there *was* a dispute of fact regarding factors three, five, and six. Id. at 289-95.

7

On February 11, 2009, after a two-and-a-half week trial, the jury found in plaintiffs' favor. The court denied the Liberty Defendants' post-verdict motions to set aside the verdict and for a new trial. By final judgment entered October 26, 2009, plaintiffs were awarded $556,566.76 in damages.

The Liberty Defendants now appeal that judgment. As to the FLSA and the analogous state law claims, they argue that (1) the district court improperly allowed the jury to determine the "ultimate legal question" whether the Liberty Defendants were plaintiffs' joint employer, whereas instead the court itself should have resolved that issue; (2) the district court refused to charge the jury that, as a matter of law, three of the six Zheng II factors weighed in the Liberty Defendants' favor (to some degree); and (3) as a matter of law, plaintiffs' evidence was insufficient to support the jury's finding of joint employment. As to the § 345-a(1) claim, the Liberty Defendants argue that (1) the statute does not authorize a private right of action, and, alternatively, (2) whether it authorizes a private right of action raises a novel and complex issue of state law such that the district court should have declined to exercise

supplemental jurisdiction over that claim, see 28 U.S.C. § 1367(c)(1).

This opinion is confined to an analysis of whether the district court properly allowed the jury to make the joint-employment determination. We conclude that it did. The Liberty Defendants' remaining arguments are considered in a summary order filed contemporaneously with this opinion.

## II

In the context of a jury trial, the question whether a defendant is a plaintiffs' joint employer is a mixed question of law and fact. Such questions "involve[] the application of a legal standard to a particular set of facts." Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 437 (2d Cir. 1999) (internal quotation marks omitted). "FLSA claims typically involve complex mixed questions of fact and law . . . ." Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 743 (1981); cf. Holzapfel v. Town of Newburgh, N.Y., 145 F.3d 516, 521 (2d Cir. 1998).

The jury's role was to apply the facts bearing on the multi-factor joint employment inquiry to the legal definition of joint employer, as that term had been

(properly) defined by the district court in the jury charge. "[M]ixed questions [of law and fact] are 'especially well-suited for jury determination . . . .'" Richardson, 180 F.3d at 437 (quoting Mendell v. Greenberg, 927 F.2d 667, 673 (2d Cir. 1990)); see also Kirsch v. Fleet St., Ltd., 148 F.3d 149, 171 (2d Cir. 1998); Simms v. Vill. of Albion, N.Y., 115 F.3d 1098, 1110 (2d Cir. 1997) ("A mixed question of fact and law may be submitted to the jury only if the jury is instructed as to the applicable legal standards.").

In the Liberty Defendants' view, the district court should have provided a special verdict form so that the jury could detail its factual findings regarding the various joint employment factors, and so that the district court could then have applied those findings to make the final determination as to joint employment. But such a rule would distort the jury's proper role, described above, of applying law to fact. Moreover, requiring the use of a special verdict form would be anomalous in the law, cf. Fed. R. Civ. P. 49(a); Kirsch, 148 F.3d at 171; 9B C. Wright & A. Miller, Federal Practice & Procedure § 2505 ("Wright & Miller"); and appellate courts rarely--if ever--vacate for failure to use a special verdict form, see Skidmore v. Balt. & O.R. Co.,

167 F.2d 54, 67 (2d Cir. 1948) ("[W]e cannot hold that a district judge errs when, as here, for any reason or no reason whatever, he refuses to demand a special verdict, although we deem such verdict usually preferable to the opaque general verdict."); Wright & Miller § 2505 ("[A]s numerous courts have held, as evidenced by the many cases cited in the note below, the exercise of th[e trial court's discretion in using a general rather than a special verdict form] is not likely to be overturned on appeal.").

The Liberty Defendants' reliance on language from Zheng II is misplaced.  That decision recognized that the joint employment question is a mixed one of law and fact: "Finally, there is the conclusion of law *to be drawn from applying the factors*, i.e., whether an entity is a joint employer."  Zheng II, 355 F.3d at 76 (emphasis added); cf. id. at 76 n.13 (noting "[t]he fact-intensive character of the joint employment inquiry").  Moreover, to the extent Zheng II contemplated de novo review of a joint employment determination, it did so only in the context of summary judgment, not a jury trial.  De novo review of a jury's joint employment determination would necessitate use of a special verdict--which, as we explained above, we do not

11

require--and would cause the appellate court to tease apart the interwoven elements of facts and law, a project that would raise serious Seventh Amendment concerns, cf. Castillo v. Givens, 704 F.2d 181, 199 (5th Cir. 1983) (Higginbotham, J., concurring)--if it could even be done.

**CONCLUSION**

For the foregoing reasons, we hold that the district court properly submitted the joint employment issue to the jury. The judgment of the district court is affirmed, subject to the partial vacatur and remand required by the companion summary order. The mandate shall issue forthwith.